In re ODELL.  (No. 6133.)

(Supreme Court, Appellate Division, First Department.  October 23, 1914.)

TRUSTS (§ 225*)—TESTAMENTARY TRUSTEE—ACCOUNTING—COMMISSIONS.

Where a testamentary trustee sold certain real estate belonging to the estate |and was charged with the gross proceeds of the sale, she was entitled to credit for the amount of commissions paid by her in connection with the sale.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 322; Dec. Dig. § 225.*]

Appeal from Surrogate's Court, New York County.

Judicial settlement of the accounts of Mary J. Odell, as sole surviving testamentary trustee of Lawrence J. Odell, deceased.  From an order denying a motion to reopen the hearing before a referee to take and state the account, the trustee appeals.  Modified and affirmed.

See, also, 160 App. Div. 933, 145 N. Y. Supp. 1136.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred L. Marilley, of New York City, for appellant.

Austin E. Pressinger, of New York City, for respondent.

Conrad S. Keyes, of New York City, for contingent remaindermen.

PER CURIAM.  We think the trustee should have been allowed, in the settlement of her account, $200, the amount of commissions paid by her upon the sale of certain lots in the Wakefield tract.  The referee, in his opinion, overruled the contestant's objections to these payments, but there was no mention of them in his report, or in the decree of the Surrogate's Court confirming the same, and the trustee was charged with the gross amount of sales.  This was evidently an inadvertence.

The decree therefore should be modified by crediting the trustee with the sum of $200; and, as thus modified, affirmed, with costs to the respondent.